UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAEBO INTERNATIONAL SHIPPING CO., LTD. | ) ) |
| Plaintiff, | ) ) |
| VS. | ) C.A. NO. 4:13-cv-1629 ) (Admiralty 9(h)) ) |
| RICHARDSON STEVEDORING AND LOGISTICS SERVICES, INC. | ) ) ) |
| Defendant. | ) ) |

**DAEBO INTERNATIONAL SHIPPING CO., LTD.'S ORIGINAL COMPLAINT AGAINST RICHARDSON STEVEDORING AND LOGISTICS SERVICES, INC.**

COMES NOW Daebo International Shipping Co., Ltd. ("Daebo"), and files this, its Original Complaint against Richardson Stevedoring and Logistics Services, Inc. ("Richardson"), as follows:

## PARTIES

1. Daebo is a corporation organized and existing under the laws of Korea. Daebo maintains its principal place of business at 7th Floor, Dongwon Bldg., #128-27 Dangju-Dong, Chongno-Ku, Seoul 110-759 Korea.

2. Richardson is a Texas corporation organized and existing under the laws of Texas and at all material times provided stevedoring services at the Port of Houston, Texas, *inter alia*. Upon information and belief, Richardson maintains its principal place of business in Galena Park, Texas.

## JURISDICTION AND VENUE

3. This action involves a maritime claim against Richardson to recover Daebo's monetary losses resulting or which may result from certain pending cargo claims asserted against Daebo for alleged damage and short delivery of steel pipe cargo discharged from the M/V ZHI

QIANG by Richardson in the Port of Houston on various dates during June 2011.  Specifically, Richardson's breach of a contract for stevedoring services and/or negligence caused the alleged damage to and short delivery of the cargo involved in the pending cargo claims.  Accordingly, this Court has original jurisdiction of this admiralty and maritime claim pursuant to 28 U.S.C. § 1333.

4. In addition, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Daebo is a foreign business entity with its principal place of business in Seoul, Korea, Richardson is a Texas corporation with, upon information and belief, its principal place of business in Texas, and the amount in controversy exceeds the sum of $75,000.00.  Daebo hereby designates its claim as an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

5. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(a) and/or (b) because a substantial part of the events or omissions giving rise to the claim occurred here.

## PERSONAL JURISDICTION

6. Richardson is a Texas corporation with its principal place of business in Texas and does business in Texas.  Richardson can be served through its registered agent for service of process in Texas, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

## FACTS

7. Daebo is an ocean shipping company that charters ships, *inter alia*.  In the spring of 2011, Daebo time chartered the M/V ZHI QIANG (the "Vessel").  The Vessel loaded steel products cargo in Ben Nghe, Vietnam and Pohang, Korea for ocean carriage to and discharge at

Houston. The cargo consisted of bundle ERW steel pipe. The cargo was loaded onboard the Vessel and Daebo issued bills of lading to cover the cargo as carrier.

8. At all time material, Daebo and Richardson were parties to a "Contract for Stevedoring Terminal Services in Connection with Contract Carriers" (hereafter the "Contract"). Pursuant to the Contract, Richardson provided stevedoring services to discharge and handle the ERW steel pipe cargo from the Vessel at Houston in June 2011. In the course of discharging and handling the ERW steel pipe cargo, Richardson negligently caused damage to the cargo and failed to use due diligence to perform its services pursuant to the "Contract" in a skillful and workmanlike manner. As a result, as least four cargo claims have been asserted against Daebo, which are summarized as follows:

1. Alleged physical damage and shortage in the delivery of ERW steel cargo carried under Pohang/Houston Bills of Lading Nos. DISQPHHT 1405800, 1416100, 1416900, 1417300, 1417700, 1419500, 1419600, 1419900, and 1420000. This claim is in the amount of $108,517.07.

2. Alleged physical damage to ERW steel cargo carried under Pohang/Houston Bills of Lading Nos. DISQPHHT 1405500, 1405600, 1405700, 1418100, 1418500, and 1422500. This claim is in the amount of $20,000.00.

3. Alleged physical damage and rust damage to ERW steel cargo carried under Pohang/Houston Bills of Lading Nos. DISQPHHT 1418900, 1419300, 1419400, 1421000, and 1422600. This claim is in the amount of $40,000.00.

4. Alleged physical damage to ERW steel cargo covered by Ben Nghe, Vietnam/Houston Bills of Lading Nos. DISQPMHT 1900703, 1900705, 1900706, 1900708, and 1900709. The claim is in the amount of $33,000.00.

9. Daebo asserts that the damages sought by the claimants in the claims listed above are the legal responsibility of Richardson based on Richardson's breach of the Contract and negligence as set out more fully below.

## COUNT I

**(Breach of Contract against Richardson)**

10. Daebo repeats and realleges each and every allegation contained in Paragraphs 1 through 9 of this Original Complaint as if set forth herein at length.

11. Pursuant to the Contract, Richardson agreed to defend, hold harmless and indemnify Daebo for any damages suffered by Daebo as a consequence of Richardson's negligence in performing its obligations under the Contract.

12. Richardson breached the Contract through its negligence in failing to properly discharge the steel products from the Vessel in June 2011 and handle the cargo made the subject of the pending cargo claims against Daebo.

13. Richardson also breached the Contract by failing to use due diligence to perform its services in a skillful and workmanlike manner while discharging and handling the steel products cargo from the Vessel in June 2011.

14. Daebo has performed its obligations under the Contract, and all conditions precedent required by the Contract.

15. Because of Richardson's breach of the Contract, Daebo is exposed to the Cargo Claims with money damages alleged in the amount of $202,000.00, together with interest, costs, disbursements, and reasonable attorney's fees.

## COUNT II

**(Negligence against Richardson)**

16. Daebo repeats and realleges each and every allegation contained in Paragraphs 1 through 15 of this Original Complaint as if set forth herein at length.

17. Richardson, through its negligence in failing to properly handle and discharge the steel products cargo from the Vessel in June 2011 proximately caused the alleged damage to, and short delivery of cargo, alleged in the pending cargo claims against Daebo as is more fully described in the preceding paragraphs of this Original Complaint.

18. Due to Richardson' negligence, Daebo is exposed to potential liability for the cargo claims with money damages alleged in the amount of at least $202,000.00, together with interest, costs, disbursements, and reasonable attorney's fees.

## COUNT III

### (Statutory Attorney's Fees against Richardson)

19. Daebo repeats and realleges each and every allegation contained in Paragraphs 1 through 18 of this Original Complaint as if set forth herein at length.

20. Pursuant to § 38.001 of the Texas Civil Practice and Remedies Code, Daebo is entitled to recover reasonable attorney's fees from Richardson for Richardson's breach of the Contract.

## DEMAND FOR ARBITRATION

21. Daebo repeats and realleges each and every allegation contained in Paragraphs 1 through 20 of this Original Complaint as if set forth herein at length.

22. If the claims asserted herein are subject to Arbitration, then Daebo herby demands such Arbitration and appoints Robert J. Ryniker of Bell, Ryniker & Letourneau, P.C. as arbitrator thereof.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Daebo International Shipping Co., Ltd. prays that judgment be rendered in its favor and against Richardson Stevedoring and Logistics Services, Inc. in the amount of at least $202,000.00, together with interest, costs,

disbursements, reasonable attorney's fees, and such other and further relief that this Court may deem just and proper.

            Respectfully submitted,

          By: */s/ David R. Walker*
            David R. Walker
            Fed I.D. No. 2827
            Texas Bar No. 20696800
            Richard A. Branca
            Fed I.D. No. 828076
            Texas Bar No. 24067177
            Pennzoil Place, Suite 500
            711 Louisiana Street
            Houston, Texas   77002
            Telephone: (713) 224-8380
            Facsimile: (713) 225-9945

         **ATTORNEY-IN-CHARGE FOR PLAINTIFF**
         **DAEBO INTERNATIONAL SHIPPING CO., LTD.**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP